Your Honor, this is the first case of the morning. Call 210-730, City of Waukegan v. Lake County Treasurer, Robert Skidmore. On behalf of the appellant, we have Ms. Gretchen Mettenredt. On behalf of the appellee, Ms. Tara Porter. Both sides ready to proceed? Yes. You may proceed when you're ready. Good morning. Good morning. My name is Gretchen Mettenredt and I represent the City of Waukegan in this appeal. The City's position is simple. Our position is that the property is tax-exempt pursuant to Section 2195 of the Property Tax Code. Our position is that the property was transferred pursuant to a judicial deed. Counsel, as a threshold matter, can you call our attention to any cases that have interpreted the term judicial deed in this context or any statutory definition? No, and that's specifically what our point has been throughout this briefing process. We believe counsel and I both have done extensive research. There's been no case law that interprets what a judicial deed is, nor is there any statutory definition of what a judicial deed is. Do you think the term is ambiguous as it's used in the statute? I don't necessarily believe it's ambiguous, but I don't believe that it has the restrictive definition that my opposing counsel would like to qualify it with. The county's position is that a judicial deed would have to be a deed signed by a judge. That is not the City's position. The City interprets it as a more broader definition in that it would be any sort of deed that is authorized by a court. If that was a legislative intent, why couldn't they have said so? Why are they restricted to a quote-unquote judicial deed? Well, the only time that the term judicial deed is actually used in a statute is in reference to the demolition statute. And when the legislature passed the 2000 amendment, they got rid of that language restricting the term to the demolition statute. They struck that out of the statute. So the current statute that the City is arguing under, that was in effect at the time the tax objection was brought, no longer contains that language regarding the municipal code. So does the legislative history and subsequent amendments help your position? I believe the subsequent amendments do help the City's position in that the subsequent amendments continue to broaden the statute, making it applicable to more situations. I do want to clarify something that was kind of raised in the briefs in that it appears the county thinks that the City is trying to qualify their position based on the new amendment that currently went into effect after this case was heard in the circuit court. It is not the City's position that the new amendment applies in this situation. We raised that new amendment simply to bring to the attention of the court that the legislature is expanding this statute to encompass more situations. Specifically, the new amendment dealt with a situation involving a developer going bankrupt if there was some sort of development agreement in place. Now, we don't have a development agreement in place, and that's why it's the City's position. The new amendment doesn't specifically apply to the FACS situation before the court. Isn't there a presumption, though, in favor of taxation? Well, there is a presumption that the statute should be read without imposing additional terms, but that's not what we're trying to do here. We're not seeking to impose additional terms. The main purpose, the primary objective of a court should be to give effect to the intent of the legislature, and that's essentially what the City's position is. We believe the legislature, based on the amendments, certainly would want to include these, though, albeit they're kind of strange FACS situations in the case before the court, but certainly is a factual scenario that we believe the legislature would have wanted included in this particular exemption statute. So you're saying the clear legislative intent overrides the presumption? And is there a clear legislative intent? I believe there is a clear legislative intent because the term is somewhat ambiguous because the legislature did not define the term judicial deed. Nowhere in case law, nowhere in any statute is there a definition that says it's a deed that has to be signed by a judge. And in fact, under the foreclosure statute, which talks about a deed, similar situation is what we have with the foreclosure case. It's certainly not a judge that signs the deed in that situation. It's actually the sheriff upon court authorization. Are there any secondary sources you could consult, do you think, that would help interpret the phrase judicial deed? I have racked my brain on this with all due respect, and I have not been able to find anything in other jurisdictions elsewhere that defines what a judicial deed is. In your reply brief, at the very end as you're coming to a summary, you say the determining factor in the city's argument is not that it received title to the subject property as a result of a bankruptcy judge's order. And then you have an and, and that the 2010 amendment of section 2195 brought mention of bankruptcy. I mean, what you're saying now is that as a result of the approval of this bankruptcy judge or the proceedings, you received it. So the statement, what do you mean by that statement? My position, the city's position is it's not our argument that because the case was in bankruptcy is why it should be tax exempt. Our argument is because the court authorized it. It was a bankruptcy judge. The judge signed the order, not the deed. That's true. But it was court authorized. Without the court's approval, this never would have happened. And that's our position. It was a judicially authorized act, a judicial deed in a sense. Rather than the judge signing it, it was a trustee in bankruptcy that signed it. But nonetheless, it only came about because the court authorized it. So in essence, your position is bankruptcy trustee's deed, judicial deed, it's a distinction without a difference because it implements the policy of the statute. Yes. Why weren't the taxes just covered when the original agreement was entered into? Was there a reason? I don't believe so. We had never seen any sort of tax bills. We were not necessarily involved in depth in the bankruptcy case. And we didn't come to find out about the tax bills until 2008 when we received. There would be an assumption that a private company, I can't remember the name of the original owner, but they would have been taxed. Was there ever any inquiry into what was going to happen to the back-due taxes? I don't believe so. But during the course of the negotiations, as it were, the city was able to resolve the issues of the 2003 or 2004 5 and 6 taxes or something of that nature? That was done under a separate filing, I believe, and I apologize, but I believe my partner could speak more to those factual situations because he was involved at it factually firsthand. I kind of picked up the case later, so I apologize. So the only issues here are, what, the 2001 and 2002 taxes? 2000, 2001, and 2002, I believe. It's three years. All right. Would the city eventually have gotten this property anyway? Not necessarily. The city not necessarily would have taken title to the property, but certainly the city would have been the one stuck with making sure it was safe and secure. This property was a huge nuisance. It created a lot of safety concerns, and nobody was stepping up to take this property. And it contained a large office building, manufacturing plant, all of which would have gone unsecure. The EPA only would have concerned itself with the containment cells, leaving all that other, you know, structures abandoned. So the city was going to get stuck with it, whether it wanted it or not. So the city figured it best to just at least take title to it if we could work with the EPA and step up to the plate and do that. Any other questions? No. Thanks. You'll have a chance to reply. Thank you. May it please the court. Counsel. My name is Assistant State's Attorney Tara Ory, and I urge you to affirm the decision of the Circuit Court of Lake County and hold that the applicable version of Section 21-95 of the Property Tax Code does not provide for abatement of the outstanding taxes which are due to the property. And which version do you believe to be applicable? The pre-2010 version, Justice. That is the version that does not deal with the bankruptcy situation. Why couldn't we use the 2010 version? Because we decide cases that are before us based upon the current law. The reason why our position that the 2010 version does not apply is that it is not retroactive in nature. It is not a clarification of an existing law. It is not procedural in nature. In fact, it adds additional taxing districts and additional situations to which the abatement would apply. So that's the reason why we do not believe that the 2010 version of the statute is applicable. But it doesn't change the fact that a municipality is still involved in the process. That's correct. That's correct. A municipality is still involved. It actually includes now park districts and school districts where that wasn't the case. And it also includes now bankruptcy situations and developer agreements, annexation agreements, a couple new situations that were not in place prior to 2010. Doesn't the trustee in this case actually take the place of outboard marine in terms of disposition of the property, putting it in that sort of a situation where it is an agreement between the owner and the city? I'm not sure if I understand your question, Justice. If you're saying is the trustee, the bankruptcy trustee, and the OMC working in an agreement together? Well, no. Obviously the trustee has taken over all of OMC's agreements. But the issue is in the 2010 version, there's a developer agreement with someone or some entity. Well, don't we have something very similar here? I do agree with that, the 2010 version, absolutely. And that's another reason why we believe even more that the pre-2010 version does not apply. And the legislature expanded upon the amendments, expanded upon the abatement availability with these new amendments. So I would admit, had this taken place last year or tomorrow or yesterday, that we would use the 2010 version of the statute and that the taxes would be abated. But we don't feel that the pre-2010 version of the statute applies in the instant case, Justice. Counsel, aside from that issue, isn't there a fundamental public policy underlying this statute? It appears to be that it encourages, it provides an incentive for the city to buy property, put it back on the tax rolls, and improve it. If that is the underlying policy, how is that policy not carried out the same by a bankruptcy deed, the same as it would by a judicial deed? Looking at the plain language, I understand the policy of the statute. I'm looking at the plain language of the statute. Taxing laws are to be strictly construed. We don't think that the statute, that the words judicial deed just means judicially authorized, as the appellate suggests. And I believe that that is the reason why the legislature went back and cleaned up the situation and expanded upon and made it more clear when we could actually carry out this public policy. But don't you end up in the same place? I mean, judicial deed, you wouldn't be here arguing, correct? Judicial deed, we would not be here arguing. Bankruptcy deed accomplishes the same thing. It puts the title in the city. Correct. So why does the judicial deed carry out the purposes of the statute and the trustee's deed doesn't? That's what we're wrestling with. And that's why we're here today. I don't think that we can expand upon the plain language of the statute for policy reasons. Just as counsel said, the city's position is to take a broader interpretation of the clear language, but that is, of course, directly against the basic tenets of property tax law, that tax laws are to be strictly construed and are not to be extended upon the clear import of the language. So we just didn't feel, the county didn't feel that they were authorized to broaden that language per the city's request. So if the city had no incentive to buy this property and didn't buy this property, how did that benefit the taxpayers of Lake County if they didn't buy it? If the city did not buy the property, how would it benefit the city? It means they're unoccupied and blighted, right? That's correct. Our position and the county's position has always been that we won't build in equity into an argument in the taxing law. This is difficult. I understand that the judicial deed has not been defined in the statute. But looking at the language of the statute, perhaps we are able to carry out the policy reasons, but we don't think that there's ambiguity in the language of the statute. How would you respond to the argument that your position exalts form over substance? How would I respond to the argument form over substance? I would say that we look at the language of the property tax code and we don't broaden the language of the property tax code when we are not authorized to do so. The treasurer, as a ministerial officer, is not able to use his discretion to broaden the language, to broaden the specific reasons, specific statutory ways that it was laid out that the property would be, that the taxes would be abated. This has nothing to do with the exemption, as counsel previously said. We're not talking about the exemption of property. We're talking about property tax abatement. How were the subsequent taxes resolved? By abatement, by exemption? What was the later years? Later years. We're talking about 2000, 2001, and 2002. Both remain outstanding. In 2005, the city was exempt, so we really have this gap of 2000 to 2005. We have removed those from our role. The county, as trustee, has taken over those taxes, really just waiting for the outcome of this matter. They remain unpaid. What about 2004 and 2005? We also removed those. How did we remove them? Did we abate those, or did we exempt those? We did neither. We did neither of the taxes, so they wouldn't go to tax sale since they weren't paid. We have the county, and we have a trustee program, the county of Lake Trustee. We have taken those and taken the trustee over those properties. Frankly, I don't know how we will handle the 2003 to 2004 taxes. I can't answer that exactly, but we have pulled these to make sure that we don't have another party, which would be a tax buyer, involved in this. Was that a unilateral decision of the treasurer, or was that a joint agreement?  No, sir. You keep saying, you've said a couple times, that the statute has clear language, that judicial deed means judicial deed. But it sounds like your interpretation takes the statement judicial deed and makes it even more narrow. Because if I understand correctly, your interpretation is it must be a document that says deed on the top and a judge's signature on the bottom. And my question is, where do you get the authority to suggest that that's the appropriate interpretation? I don't have any specific authority, Judge. We feel that if the statute meant to say judicially authorized, it would say judicially authorized. But it doesn't say with judge's signature. That's correct. Are we sort of caught in the middle here to figure out which way we go? That's right. And I do want to say that the city received title through the trustee's deed. So are we now equating the bankruptcy trustee with a judge? And that's kind of a point I brought up in my brief, that we don't think, had this been done by a bankruptcy judge rather than the trustee who takes over. This might be a different situation, but we certainly don't think a bankruptcy trustee is in the same position as making something judicially authorized. So that's our position. It may be more narrow than the city would provide. But, again, we don't feel that we have the authority to broaden something, especially when we're talking about taxing laws, than is given by statute. Can you think of a situation where a judicial deed emanates from something other than a judicial proceedings? A judicial deed emanates? I cannot. All right. So do we agree that a bankruptcy proceedings is a judicial proceedings? Correct. But we can't agree that an order by the judicial bankruptcy court to its right hand, being the trustee, then becomes a judicial deed. That's correct. Just a few more things in closing, Justices. The defendants believe that the order from the circuit court denying the city's motion for summary judgment and affirming the county's motion for summary judgment is correct. The city did not obtain the property through a judicial deed, and therefore we feel the applicable version of 2195 of the property tax code does not apply. This certainly has nothing to do with any animus between the county and the city. This certainly has nothing to do with even, in our opinion, the state of the property or equity or doing something that was an uncomfortable situation. Just quickly, I would like to point and answer a question that Justice Jorgenson asked about putting this up and worked out through the bankruptcy proceedings. After the taxing law, this is not a secret. These, of course, are liens on the property that could have been worked out during the bankruptcy proceeding. Before the tax objection was filed and after the city got title to the property, there was inquiry as to what the outstanding taxes were for the three years that we have on the books, 2000, 2001, 2002. So it certainly was within their power to work that out during the bankruptcy proceeding. Again, this is not about, in our opinion, equity. This is about the clear language of section 2195 of the code, and I urge you to affirm the order of the circuit court of Clay County. Thank you. Thank you. Do you wish to reply? If I could just clarify, I know the court has been interested in the 2003, 2004, and 2005 taxes. What happened with those? Those, if you note in our brief, it's paragraph 17 on page 10. Waukegan had previously obtained tax-exempt status for the subject property for those three years, 2003, 2004, and 2005, pursuant to the property tax code. The deeds that Waukegan received were dated 2002, and pursuant to the property tax code, we were able to go back three years and work with the county and get those taxes exempt. So that's what happened with those. This abandoned property, as far as the city trying to work something out, OMC is in bankruptcy. There is no money there. There really wasn't any money to pay the taxes. All the city of Waukegan knew is that this property was sitting abandoned on the lakefront, creating a hazard, creating a nuisance. And unless the city stepped up and took title, nobody else was going to take title. The trustee had abandoned this property. The court had allowed that. Unless the city stepped up and took over this property, there was going to be huge safety concerns. And there really wasn't a concern at that point about the taxes because, like I said, there was no money. OMC had no money. They were in bankruptcy. And that's probably why there was no agreement or concern about the taxes that we're now in court about. If we saw a tax bill today for this property, it would be paid to the county, but then the county would be paying back money to the city of Waukegan, to school districts within that particular area. And I'm not asking you to tell me what percentage, but essentially it's almost an on-paper transaction, although there are some, I'm sure there are park districts that are bigger than the city of Waukegan and things of that nature. You are correct. A portion of that tax bill would come back to the city, but not a very big portion. There's other taxing districts that take quite a substantial portion of that tax. Thank you. Thank you very much. We'll be in recess.